IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-81025 |
| | ) | |
| HARRY A. LARSEN and | ) | CH. 13 |
| CINDY L. LARSEN | ) | |
| | ) | |
| Debtors. | ) | |

## **ORDER**

      Hearing was held in Omaha, Nebraska, on March 12, 2007, on a Motion for Turnover of Property filed by Debtors (Fil. #24), and a Resistance by Robert L. Wright (Fil. #25). Thomas Kenny appeared for Debtors, and Robert L. Wright appeared pro se.

      In March, April, and May 2006 Robert Wright loaned to Debtor Cindy Larsen the total sum of $6,000.00. At some point after making the loans, Ms. Larsen executed two promissory notes to Mr. Wright dated May 12, 2006, one in the amount of $2,000.00, and one in the amount of $4,000.00. The notes have not been paid. Approximately two months later, on July 14, 2006, Debtors filed this Chapter 13 bankruptcy proceeding. However, Debtors failed to schedule the debt owed to Mr. Wright and further failed to notify him of the bankruptcy proceeding.

      Subsequently, Mr. Wright commenced collection proceedings in the Douglas County Court, Small Claims Division, and, in October 2006, obtained a default judgment for at least a portion of the debt owed by Cindy Larsen. Mr. Wright then proceeded to execute on the judgment and had garnishment interrogatories issued to the employer of Ms. Larsen. Mr. Wright received $100.00 from such garnishments before being notified of the bankruptcy filing. Debtors now seek an order of this Court requiring Mr. Wright to turn over the $100.00 he received through garnishment proceedings.

      At the hearing, it became clear that Mr. Wright believes that Debtor Cindy Larsen obtained the loans from him through fraud, misrepresentation, and/or false pretenses. He further believes that Debtors intentionally failed to list his indebtedness on their bankruptcy schedules. Since Debtors had failed to schedule Mr. Wright's debt and failed to notify Mr. Wright of the bankruptcy filing, this Court granted Mr. Wright an extension of time (until April 20, 2007) to file an adversary proceeding to determine the dischargeability of the debt owed to him.

      The garnishment of $100.00 by Mr. Wright was at a time when he was unaware of the bankruptcy filing. Debtors had failed to schedule his debt and notify him of the bankruptcy filing despite the fact that their filing was only two months after Debtor Cindy Larsen signed promissory notes acknowledging the debt. Furthermore, Mr. Wright has indicated the belief that the loans were obtained by fraud, misrepresentation, and/or false pretenses, and may be nondischargeable. Under the foregoing circumstances, it would not be equitable to require Mr. Wright to disgorge the $100.00 that he has collected on his debt. However, as stated at the hearing, Mr. Wright is now aware of the

bankruptcy filing. The automatic stay of 11 U.S.C. § 362(a) is in effect, all efforts to collect the debt must cease at this time, and any existing garnishments must be released.

IT IS ORDERED: That the Motion for Turnover of Property (Fil. #24) is denied. The automatic stay is in effect and Mr. Wright shall cease all further collection efforts at this time and shall release any existing garnishments.

DATED: March 13, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    *Thomas Kenny
    Robert L. Wright
    Kathleen Laughlin
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.